**Ivan VON STAICH, Petitioner–Appellant,**

v.

**CALIFORNIA DEPARTMENT OF CORRECTIONS, Respondent–Appellee,**

and

**John V. Briggs, Respondent.**

No. 06–15577.

United States Court of Appeals, Ninth Circuit.

Submitted April 16, 2007.*

Filed April 20, 2007.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*  Fed. R.App. P. 34(a)(2).

Ivan Von Staich, Soledad, CA, pro se.

Diann Sokoloff, Esq., AGCA–Office of the California Attorney General, Oakland, CA, for Respondent–Appellee.

Before: O'SCANNLAIN, CLIFTON, and BEA, Circuit Judges.

MEMORANDUM **

California state prisoner Ivan Von Staich appeals pro se from the district court's judgment denying his 28 U.S.C. § 2254 petition for a writ of habeas corpus. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

■ Von Staich contends that, even though he had not yet had a parole consideration hearing and had not been deemed suitable for parole, the California Department of Corrections and the Board of Prison Terms violated his due process rights by failing to set a maximum term for his second degree murder conviction. We disagree. See Cal.Penal Code § 3041(b); In re Dannenberg, 34 Cal.4th 1061, 1071, 1098 n. 18, 23 Cal.Rptr.3d 417, 104 P.3d 783 (2005) (holding that a California prisoner has no right to a release date prior to being deemed suitable for parole because state law does not provide such a right);

see also Sass v. California Board of Prison Terms, 461 F.3d 1123, 1132 (9th Cir. 2006). Therefore, the California Supreme Court's denial of this claim was not contrary to, or an unreasonable application of, clearly established United States Supreme Court authority. See 28 U.S.C. § 2254(d).

■ Von Staich also contends that his due process and equal protection rights were violated when he was not given sentencing credits for his second-degree murder conviction after already having those credits applied to his consecutive thirteen-year sentence for attempted murder. We disagree. Von Staich has no right to double credits and he provides no evidence of a discriminatory intent in denying him double credits. See Cal.Penal Code § 2900.5(b); People v. Bruner, 9 Cal.4th 1178, 1183–84, 1191–93, 40 Cal.Rptr.2d 534, 892 P.2d 1277 (1995) (holding that purpose of § 2900.5 was not to provide dual credit windfalls, but to ensure that person held in pretrial custody would not serve a longer overall period of confinement than that of another person who received an identical sentence but did not suffer pre-conviction custody); McLean v. Crabtree, 173 F.3d 1176, 1185 (9th Cir.1999) (holding that proof of discriminatory intent is required to show that state action having a disparate impact violates the Equal Protection Clause). Therefore, the California Supreme Court's denial of this claim was not contrary to, or an unreasonable application of, clearly established United States Supreme Court authority. See 28 U.S.C. § 2254(d).

To the extent Von Staich raises additional claims not raised in his petition before the district court, these claims are not cognizable on appeal. See Cacoperdo v.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*Demosthenes,* 37 F.3d 504, 507 (9th Cir. 1994).

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.